UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LISA TURPEN, a single person,<br><br>      Plaintiff,<br><br>      v.<br><br>STATE OF WASHINGTON, by and through the WASHINGTON STATE PATROL; ERICA GRAHAM, individually; and TRAVIS MATHESON, individually,<br><br>      Defendants. | No. 2:15-cv-00289-SAB<br><br>**ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER** |

Before the Court is the parties' Stipulated Motion for Protective Order, ECF No. 13, and a related stipulated motion to expedite, ECF No. 14. The parties seek a protective order to protect confidential information. This motion was heard without oral argument.

The product of pretrial discovery is presumptively public, though Federal Rule of Civil Procedure Rule 26(c) permits a district court to override this presumption upon a showing of "good cause." *San Jose Mercury News, Inc. v. U.S. District Court-Northern Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). Rule 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Prior to the grant of a protective order, the moving party must

**ORDER DENYING STIPULATED MOTION FOR . . . ^ 1**

certify it has "conferred or attempted to confer with other affected parties in an effort to resolve the dispute *without court action*." Fed. R. Civ. P. 26(c) (emphasis added).

Where the parties agree, as here, that certain information should remain confidential, it may be prudent to enter into an agreement setting forth in writing what information shall remain private. It is unnecessary, however, for such an agreement to have this Court's imprimatur. A court issued protective order is less necessary since Rule 5(d) was amended to only require filing discovery material actually used in support of an action. Because not all discovery material need be filed, most discovery material is not readily accessible to the public. Therefore, the primary concern regarding confidential materials is how the parties themselves handle such material. This Court will not hesitate to issue a protective order when it is necessary; however, the moving party or parties must demonstrate good cause exists and must bear the "burden of showing specific prejudice or harm" that will result if no protective order is granted. *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). In other words, the moving party must demonstrate why the parties cannot resolve the issue without court action—a standard that will generally not be met when the parties agree to the terms of a proposed protective order.

The motion at hand fails to demonstrate specific harm or prejudice that will result if no protective order is granted. Additionally, the parties appear to be in agreement on the procedures to be used to determine what material is appropriate for discovery and how it should be handled. Accordingly, the Court denies the stipulated motion for protective order.

The Court encourages the parties to continue cooperating with respect to the handling of potentially sensitive discovery material. The parties may, upon proper showing tied to specific discovery material, move the Court to protect or seal certain discovery filings.

**ORDER DENYING STIPULATED MOTION FOR . . . ^ 2**

Accordingly, **IT IS HEREBY ORDERED:**

1. The Stipulated Motion for Protective Order, ECF No. 13, is **DENIED**.

2. The related motion to expedite, ECF No. 14, is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 10th day of January, 2017.



*Stanley A. Bastian*
Stanley A. Bastian
United States District Judge

**ORDER DENYING STIPULATED MOTION FOR . . . ^ 3**